Opinion filed April 22,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00204-CV

                                                    __________

 

   GARY W. ELAM, M.D. AND
GARY W. ELAM, M.D., P.A., Appellants

 

                                                             V.

 

                                        ERIK
GALINDO, Appellee



 

                                   On
Appeal from the 358th District Court

 

                                                             Ector
County, Texas

 

                                                  Trial
Court Cause No. D-126,521

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is an interlocutory appeal from an order denying a motion to dismiss a health care
liability claim pursuant to Tex. Civ. Prac.
& Rem. Code Ann. § 74.351 (Vernon Supp. 2009).  We affirm. 

            Gary
W. Elam, M.D. and Gary W. Elam, M.D., P.A. (Dr. Elam) assert in two issues that
the plaintiff’s expert report is insufficient to satisfy the requirements of
Section 74.351 with respect to causation.  In the first issue, Dr. Elam contends
that the expert report was inadequate with respect to the causal relationship
between the alleged negligence and Erik Galindo’s alleged injury of morbidity
of treatment.  In the second issue, Dr. Elam attacks the report’s adequacy with
respect to the causal relationship between the alleged negligence and Galindo’s
alleged injury of risk of death.  

We
review a trial court’s determination regarding dismissal of a claim pursuant to
Section 74.351 under an abuse-of-discretion standard.  Bowie Mem’l Hosp. v.
Wright, 79 S.W.3d 48, 52 (Tex. 2002).  A trial court abuses its discretion
by acting in an arbitrary or unreasonable manner without reference to any
guiding rules or principles.  Id.  The issue before a trial court
considering a motion to dismiss brought pursuant to Section 74.351 is whether
the report represents a good faith effort to comply with the statute. Section
74.351(l); Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,
46 S.W.3d 873, 878 (Tex. 2001).  To constitute a good faith effort, the report need
not marshal all of the plaintiff’s proof, but it must (1) inform the defendant
of the specific conduct the plaintiff has called into question and (2) provide
a basis for the trial court to conclude that the claims have merit.  Palacios,
46 S.W.3d at 878-79.  The expert report must provide “a fair summary of the
expert’s opinions as of the date of the report regarding applicable standards
of care, the manner in which the care rendered by the physician or health care
provider failed to meet the standards, and the causal relationship between that
failure and the injury, harm, or damages claimed.”  Section 74.351(r)(6).  The
expert must explain the basis of his statements to link his conclusions to the
facts.  Bowie, 79 S.W.3d at 52.

            Galindo
alleges that Dr. Elam performed surgery on Galindo to remove a mass in his jaw
area in 2002 but that Dr. Elam negligently failed to inform Galindo of the
pathology results:  lymphocyte predominant Hodgkin disease (cancer).  Galindo
asserts that he did not learn that he had cancer until 2008 after another mass developed
in the same area.  He also asserts that Dr. Elam fabricated an entry in
Galindo’s medical records to show that the pathology results were discussed
with Galindo and his family in 2002 and that Galindo was referred to a cancer
center at that time.

In
an attempt to comply with Section 74.351, Galindo obtained an expert report
from Dr. Tyler Curiel.  In his report, Dr. Curiel states that Dr. Elam
breached the standard of care by failing to notify and discuss the pathology
findings with Galindo.  With respect to causation, Dr. Curiel’s report
provides:

2.  The treatment
for Hodgkin disease in 2002 was inadequate.  The patient underwent simple
excision of the lymphomatous mass in 2002.  Treatment for stage IA Hodgkin
disease should also have included radiation therapy at a minimum, which was not
offered or performed.  

 

3.  The treatment
and diagnosis delay between November 2002 and August 2008 significantly
increased morbidity of treatment.  In November 2002, the Hodgkin disease
was clinically stage IA . . . .  In August 2008 the stage was IIIB.  Stage IA
Hodgkin disease in this setting can be managed with local radiation therapy
alone.  Stage IIIB disease requires high-dose chemotherapy as proposed and
undertaken.  Treatment for stage IA Hodgkin disease in 2002 could have been
accomplished without the attendant risk of high-dose chemotherapy, which is
required in stage IIIB.  Risks of this chemotherapy include . . . .

 

4.  The treatment
and diagnosis delay between November 2002 and August 2008 significantly
increased risk of death.  Stage IA Hodgkin disease is a highly curable
disease with 8-year survival around 99%.  Stage IIIB Hodgkin disease is still
treatable [but has a] 5-year survival around 85%.  Treatment failure and
relapse rates are higher in stage IIIB compared to stage IA Hodgkin disease. 
Thus, to a reasonable degree of medical probability, survival was compromised
by the treatment delay.  Further, there were no atypical features of the
Hodgkin disease in 2002.  Current atypical features suggest (but do not yet
diagnose) transformation.  Transformation in Hodgkin disease is a grave
complication, often resulting in incurable disease. 

 

Dr.
Elam argues that the report fails to establish the needed causal link between
the alleged negligence and any compensable injury suffered by Galindo.  Dr.
Elam asserts that, to be sufficient, the report had to establish that Dr.
Elam’s negligence caused the 2008 tumor, that Galindo has or probably will
develop morbidity related to the chemotherapy treatment of the 2008 tumor, and
that Galindo will likely not survive the recurrence of cancer.  We disagree. 
Although Dr. Elam asserts that “the 2008 tumor is the root cause behind this
alleged injury,”   Dr. Curiel suggests that Hodgkin disease, which was
diagnosed but not treated in 2002, is the root of Galindo’s injuries. 

Dr.
Curiel’s report indicates that, during the delay, the disease advanced from
stage IA, which is “highly curable,” to stage IIIB with atypical features
suggesting transformation, which is “often . . . incurable.”  The report also
indicates that the delay in treating Galindo’s Hodgkin disease caused an
increase in the morbidity of treatment from radiation alone to high-dose
chemotherapy.  The trial court could have reasonably determined that Dr.
Curiel’s report represented a good faith effort as to the causal relationship
between Dr. Elam’s failure to meet the standard of care and Galindo’s damages. 
For a review of cases in which expert reports were found to adequately link
causation of injuries to delays in health care services, see Polone v.
Shearer, 287 S.W.3d 229, 236-37 (Tex. App.—Fort Worth 2009, no pet.);
Mosely v. Mundine, 249 S.W.3d 775, 780-81 (Tex. App.—Dallas 2008, no pet.);
Harris County Hospital District v. Garrett, 232 S.W.3d 170, 181 (Tex.
App.—Houston [1st Dist.] 2007, no pet.); Hillcrest Baptist Medical Center v.
Wade, 172 S.W.3d 55 (Tex. App.—Waco 2005, pet. dism’d); and In re Barker,
110 S.W.3d 486 (Tex. App.—Amarillo 2003, orig. proceeding).

            We
cannot hold that the trial court abused its discretion by denying Dr. Elam’s
motion to dismiss.  Dr. Elam’s issues are overruled.

            The
order of the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

April 22, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.